IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **HAND ARENDALL, LLC,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.: 11-00150-KD-C** |
| | ) | |
| **MURRAY E. JOINER, JR., M.D.,** | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Docs. 43-45), Defendant's Opposition (Doc. 47), and Plaintiff's Reply (Doc 48).[1]

**I.    Factual Background**

On February 28, 2011, Plaintiff Hand Arendall, LLC ("Hand Arendall") initiated this fee dispute action against Defendant Dr. Murray E. Joiner, Jr. ("Dr. Joiner") in the Circuit Court of Mobile County, Alabama (CV-2011-900465.00) for payment of $113,501.63 for legal services it allegedly performed for him throughout 2009 with regard to his attempted acquisition of Our Southern Home (an assisted living facility located in Mobile, Alabama).  (Doc. 1-1).  Hand Arendall's singular claim against Dr. Joiner is for quantum meruit.  (Id.)  On March 28, 2011, Dr. Joiner removed the case to this Court. (Doc. 1).

The record reveals that Dr. Joiner became interested in acquiring Our Southern Home after talking with an Alabama businessman named Terry Hester ("Mr. Hester"), who informed

---

[1] It is **ORDERED** that the motions to strike contained within the parties' summary judgment pleadings (Doc. 47 at 15-17 and Doc. 48 at 8 at note 4) are **DENIED.**

1

him of the opportunity to purchase the property as an investment. (Doc. 44-1 (Dep. Joiner at 18-29)). At that time, Dr. Joiner regularly employed the Virginia law firm of Woods Rogers, PLC and its attorney Heman Marshall; thus, Dr. Joiner employed this law firm and attorney Marshall to assist him with the acquisition of Our Southern Home. (Doc. 44-1 (Dep. Joiner at 17); Doc. 44-2 (Dep. Marshall at 14, 32, 34-35, 39, 43); Doc. 47-2 at 2 (Dep. Marshall at 38)).

A recitation of the undisputed facts beyond this point would be fruitless, as there are none. The parties' respective allegations on summary judgment – while ostensibly supported with voluminous e-mails, notes and other documents – directly contradict one another. The "supporting" documents instead establish the presence of a genuine factual dispute with regard to which law firm or attorney represented which individuals (or limited liability company) during the attempted purchase of Our Southern Home and who is thus responsible for payment of Hand Arendall's bills. As such, the Court will not restate the facts in exhaustive fashion but will generally summarize the parties' distinct versions of events.

According to Dr. Joiner, Hand Arendall represented Terry Hester, Wood Rogers represented Dr. Joiner, and the two law firms jointly represented the interests of Spreading Oak Development III, LLC (the acquiring entity). (Doc. 47-2 at 2-3 (Dep. Marshall at 38, 47)). Specifically, Virginia limited liability company Spreading Oak Development III, LLC (his LLC) was the acquiring entity of Our Southern Home, and Dr. Joiner and Mr. Hester were the investors in this entity. (Id. at 2 (Dep. Marshall at 38)). It is Dr. Joiner's position that there was never an agreement or contract between Dr. Joiner and Hand Arendall through which Hand Arendall represented Dr. Joiner's individual interests in the acquisition. (Doc. 47-2 at 23-24, 28-31 (Dep. Joiner at 41-42, 61-64)). Rather, Dr. Joiner alleges that he was represented by Heman

2

Marshall, Esq., of Woods Rogers, PLC (a Virginia law firm) such that he is only responsible for the legal services rendered by Woods Rogers.

In contrast, Hand Arendall claims that it provided legal services for Dr. Joiner, which he knowingly accepted and for which he has failed to pay. Specifically, Hand Arendall states that Mr. Hester contacted Hand Arendall attorney Gregory L. Leatherbury ("Mr. Leatherbury") in December 2008 asking for the law firm's assistance in buying the property. (Doc. 44-5 at 14, 19-20 (Dep. Leatherbury at 41, 61-62)). However, after Mr. Hester told Mr. Leatherbury -- in response to an engagement letter and retainer request -- that he was not responsible for the legal bills as Dr. Joiner was the interested party, Hand Arendall (through Mr. Leatherbury) sought clarification as to who its client actually was. (Doc. 44-5 at 7-9, 21-23 (Dep. Leatherbury at 30-32, 63-65)). According to Mr. Leatherbury, Dr. Joiner's attorney Mr. Marshall told him that Hand Arendall's client was Dr. Joiner. (Doc. 44-5 at 9, 22-34, 31-34, 36 (Dep. Leatherbury at 32, 64-65, 72-73, 77-81, 86-89, 97); Doc. 44-6 at 7-10, 12-15, 23, 37-38 (Dep. Riccio at 15-18, 21-24, 83, 133-134)). In July 2009, Hand Arendall began issuing bills for legal services and expenses to Dr. Joiner and then attempted to obtain payment for the unpaid bills through 2010. (Doc. 44-2 at 54-56 (Dep. Marshall at 146-148); Doc. 44-5 at 66-67 (Dep. Leatherbury at 211-212) and 72-74, 77-78 (Exs. 101-105))). According to Hand Arendall, Dr. Joiner paid Hand Arendall some of what he owed and did not inform the law firm that he would not be responsible for the remainder of the bill, but told the firm's attorney Riccio that he would be responsible.

**II.    Discussion**

**A.    Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine

3

dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (Dec. 2010). The recently amended Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>   **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>   **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c) (Dec. 2010).

Hand Arendall, as the party seeking summary judgment, bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the

4

moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992), cert. den., 507 U.S. 911 (1993) (internal citations and quotations omitted).

As noted *supra*, Hand Arendall asserts one (1) claim against Dr. Joiner for quantum meruit (*i.e.*, that he is responsible for payment of the legal bills for the services rendered). In Alabama, "[a] claim of quantum meruit, or quasi-contract, is a request for equitable relief based on the principle 'that if one knowingly accepts services rendered by another, and the benefit and result thereof, the law implies a promise on the part of the one who so accepts with knowledge, to pay the reasonable value of such services rendered.'" Carroll v. LJC Defense Contracting, Inc., 24 So.3d 448, 458-459 (Ala. Civ. App. 2009). See also Brannan & Guy, P.C. v. City of Montgomery, 828 So.2d 914, 920-921 (Ala. 2002). To succeed on such a claim, "the plaintiff must show that it had a reasonable expectation of compensation for its services." Mantiply v. Mantiply, 951 So.2d 638, 656 (Ala. 2006) (citing Utah Foam Prods., Inc. v. Polytex, Inc., 584 So.2d 1345, 1350 (Ala. 1991)). The factual dispute surrounding whether Hand Arendall represented Dr. Joiner, Mr. Hester, and/or the limited liability company precludes entry of summary judgment in favor of Hand Arendall. Indeed, the evidence submitted by both parties is highly dependent upon a credibility determination – believing either Hand Arendall and its attorneys' version of events or Dr. Joiner and his attorney's version of events. Accordingly,

5

based on the existence of genuine issues of material fact, it is **ORDERED** that Plaintiff Hand Arendall, LLC's Motion for Summary Judgment (Docs. 43-45) is **DENIED.**

**DONE** and **ORDERED** this the **5th** day of **April 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**