**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **HAND ARENDALL, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 10-0150-KD-C** |
| | ) | |
| **MURRAY E. JOINER, JR., M.D.** | ) | |
| | ) | |
| **Defendant,** | ) | |

**ORDER**

On August 31, 2012, this Court entered its memorandum opinion and order upon the non-jury trial and post-trial briefs submitted by the parties (doc. 67). In the order, Hand Arendall LLC, was directed to amend its request for damages to conform with the Court's finding that its representation of Murray E. Joiner, Jr., M.D., began on January 14, 2009. Hand Arendall submitted its amended request for damages (doc. 68) and Dr. Joiner filed his response (doc. 69). Upon consideration, and for the reasons set forth herein, judgment shall be entered in favor of Hand Arendall and against Dr. Joiner in the total amount of $118,499.31.

Hand Arendall requests judgment for all unpaid fees incurred from January 15, 2009 and forward in the amount of $101,655.63, plus pre-judgment interest at the rate of 6% per annum in the amount of $18,807.25, for a balance due of $120,462.88 as of September 5, 2012. Dr. Joiner does not object to the requested amount due of $101,655.63. However, he argues that pre-judgment interest is not available because the amount due was not ascertainable. He also asserts that if the Court should award pre-judgment interest, it should accrue at the rate of 6% per annum from the date of the last invoice - September 17, 2009.

Calculating interest in that manner yields a balance due of $119,786.54 as of September 6, 2012.

The principal balance of $101,655.63 is not in dispute.  Therefore, the Court must resolve whether interest should accrue, and if so, the rate of interest and amount accrued to date of this order.  As the parties are aware, this is a diversity action and Alabama law applies. *AIG Baker Sterling Heights, LLC v. Am. Multi–Cinema, Inc.,* 508 F.3d 995, 1001 (11th Cir.2007).  Generally, if there is no written contract to set the interest rate, "the legal rate of prejudgment interest is six percent per annum." *Rhoden v. Miller,* 495 So.2d 54, 58 (Ala.1986) (citing Ala. Code § 8–8–1).  Under Alabama law, prejudgment interest accrues at the rate of 6% from the date of the breach. *See Cahaba Disaster Recovery, LLC v. Rodgers*, 2012 WL 253437, 8 (S.D. Ala. 2012).  Also, prejudgment interest may be available where the damages were reasonably certain at the time of the breach. S*ee Murray v. Holiday Isle, LLC,* 2009 WL 3634099, at *1 (S.D. Ala. Oct. 30, 2009) ("Under Alabama law, it is well established that prejudgment interest at the default rate of 6% may be available in the breach of contract context where, . . . damages were reasonably certain at the time of breach.").

Upon review of the trial testimony, pleadings, motions, and post-trial briefs submitted by the parties, the Court finds that the amount of damages was reasonably certain at the time of the breach of the contract and that prejudgment interest is due to be awarded to Hand Arendall.  The Court further finds that the breach occurred when the last work was invoiced and not paid.  In October 2010, Hand Arendall sent a demand letter, copy of an invoice, and a statement of the account to Dr. Joiner. The statement indicates that the last work was invoiced on December 15, 2009. (Doc. 44-1, p. 38-41).

Therefore, Hand Arendall is entitled to prejudgment interest at the Alabama default

rate of 6% per annum or $16.71 per day from December 15, 2009 to date[1] in the amount of

$16,843.68 plus $101,655.63 for a total of $118,499.31.

Final judgment shall be entered by separate order.

DONE and ORDERED the 20th day of September, 2012.


s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[1]  From December 15, 2009 to September 19, 2012 is 1,008 days.